UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

RICHARD SERNA,

    Plaintiff.

v.                                                                                                 No. 5:17-CV-01231-JKP

NATIONAL AMERICAN POSTAL
WORKERS UNION, AFL-CIO, et al,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter came before the Court on October 28, 2019, for hearing upon Defendant American Postal Workers Union, AFL-CIO's ("APWU National") *Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)* (ECF No. 73) and Defendant American Postal Workers Union San Antonio Alamo Area Local 0195's ("Local 0195") *Partial Motion to Dismiss* (ECF No. 76). Joni S. Jacobs and Matthew Gerald Holder appeared on behalf of Defendants. Plaintiff failed to appear. Having considered Defendants' motions and Plaintiff's responses, the record, and the applicable law, the Court GRANTS Defendant APWU National's Motion and DENIES Local 0195's Motion as MOOT.

**I. Factual and Procedural Background**

Richard Serna's ("Serna" or "Plaintiff") original Complaint, filed December 11, 2017, specifically alleged causes of action against Defendants under the National Labor Relations Act ("NLRA") and for breach of duty to fairly represent Serna. (ECF No. 3).[1] The Complaint also appeared to assert a discrimination claim based on an alleged disability and a claim for breach of

---

[1] Plaintiff initiated this action on December 4, 2017, filing a motion to proceed *in forma pauperis* accompanied by a Proposed Complaint. ECF No. 1.

APWU National's Constitution. *Id*. On February 23, 2018, Defendants filed two motions to dismiss Serna's Complaint. *See* ECF Nos. 9, 10.

APWU National and the National Officers' Motion sought dismissal on the following grounds: (i) the Court's jurisdiction is limited to Serna's duty of fair representation ("DFR") claims, (ii) the union officers and/or board members cannot be individually liable on a DFR claim, (iii) Serna's DFR claim cannot go forward against APWU National because APWU National did not "ratify" misconduct by Local 0195, and (iv) Serna's DFR claims are barred by the statute of limitations. ECF No. 9. Local 0195 and the Local Board Members' Motion raised some of the same arguments and also asserted that the Court lacked jurisdiction over Serna's claims for breach of APWU National's Constitution. ECF No. 10. Serna responded in opposition, incorporating his responses to both motions in a single pleading. ECF No. 11.

On August 29, 2018, the Court dismissed Serna's claims against APWU National's Officers and Local 0195's Executive Board Members; claims asserted under sections 7 and 8 of the National Labor Relations Act; and Serna's "stand alone" or "independent" claims alleging breach of APWU National's Constitution. ECF No. 47. In dismissing Serna's claims, the Court noted that a federal district court does not have jurisdiction over claims asserted under the NLRA, nor can a district court hear independent claims under a union's constitution because "such claims do not involve allegations concerning the violation of a contract between an employer and a union." *Id*. (citing *Martin v. Local 556, Transp. Workers Union of Am. AFL-CIO*, 201 L.R.R.M. 3036, 2014 WL 4358480, at *3 (N.D. Tex. 2014) (granting 12(b)(1) dismissal when "only conceivable contract" that had been alleged by plaintiff was the union's constitution). The Court's Order also noted Serna's withdrawal of his discrimination claim under the Americans with Disabilities Act. *Id*. The Court's Order afforded Serna an opportunity to

amend his complaint to clarify any "potentially viable" duty of fair representation ("DFR") claims "against Defendant Local 0195, and —only if Plaintiff can provide factual allegations demonstrating 'ratification' by APWU National—a DFR claim against APWU National." *Id.*

Serna filed his Second Amended Complaint on March 1, 2019. ECF No. 72. APWU National filed its Motion to Dismiss Plaintiff's Second Amended Complaint on March 15, 2019. (ECF No. 73). APWU National argues the action should be dismissed because Serna has failed to plausibly allege any DFR claim. Local 0195 filed its Partial Motion to Dismiss on March 15, 2019. (ECF No. 76). Local 0195's motion seeks to dismiss with prejudice the NLRA and ADA claims alleged in Plaintiff's Second Amended Complaint.

**II. Standard of Review**

To withstand a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, a plaintiff must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The contents of the pleading must provide enough detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.*

When presented with a motion to dismiss under Rule 12(b)(6), a court generally "must assess whether the complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face[.]" *United States v. Bollinger Shipyards Inc.*, 775 F.3d 255, 257 (5th Cir. 2014) (internal citations and quotation marks omitted). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff's factual allegations need not establish that the defendant is probably liable, they must establish more than a "sheer possibility" a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Id.* at 679.

In assessing a motion to dismiss under Rule 12(b)(6), the court's review is generally limited to the complaint and any documents attached to the motion to dismiss that are referred to in the complaint and are central to the plaintiff's claims. *Tellabs Inc. v. Makor Issues & Rights Ltd.*, 551 U.S. 308, 322 (2007); *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). When reviewing the complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (internal quotation marks omitted) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). A court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

**III. Discussion**

**A. Local 0195's Partial Motion to Dismiss addresses claims previously dismissed**

Serna's Second Amended Complaint realleges NLRA and ADA claims. ECF No. 72 at 14-16. The Court's August 28, 2018 Order found Local 0195's motion to dismiss Serna's ADA claim was moot because it was clear that Serna had "withdrawn his ADA claims against Defendants regarding his separation from employment in February 2017." ECF No. 47 at 8-9. The Order also dismissed Serna's NLRA claims. *Id*. at 5 (dismissing with prejudice any claims asserted under the NLRA).

Defendant Local 0195 now moves to dismiss the NLRA and ADA claims with prejudice. ECF No. 76. Serna concedes this Court does not have jurisdiction over NLRA claims and as such, any NLRA claims should be dismissed. ECF No. 87. Serna also concedes his previously withdrawn ADA claim was improperly included in the Second Amended Complaint and should likewise be dismissed. *Id*. Because Serna's NLRA and ADA claims were dismissed by previous Order, Defendant Local 0195's Partial Motion to Dismiss, ECF No. 76, is moot.

Serna is cautioned any further pleadings in this action, which raise NLRA, ADA, or stand-alone claims asserting a violation of APWU National's Constitution[2] will be STRICKEN and Serna will be directed to re-plead in accordance with the Court's Orders. A plaintiff who fails to comply with a court's orders, despite being warned of the consequences and having been granted sufficient time in which to do so, hinders the Court's ability to move his case towards disposition and indicates that plaintiff does not intend to litigate his action diligently. Accordingly, Serna is reminded that failure to comply with a court order may result in a sanction, which could include dismissal of the action. *See* Fed. R. Civ. P. 41(b); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438 (5th Cir. 2016).

---

[2] *See* ECF No. 47, in which the Court "clarifies that it does not have jurisdiction to adjudicate any standalone claims asserting a violation of APWU National's Constitution. . . . those claims are dismissed with prejudice;" finds "it is clear that this Court does not have jurisdiction over any of Plaintiffs claims asserted under the NLRA. . . . those claims are dismissed with prejudice;" and notes "the parties' briefing make clear that Plaintiff has withdrawn his ADA claims against Defendants."

## B. Plaintiff's Second Amended Complaint fails to allege APWU National ratified Local 0195's alleged conduct

In its Order of August 29, 2018, the Court noted the only remaining "potentially viable claim" against the Defendants is a DFR claim. As the Court explained:

> "[m]ere constructive knowledge of possible illegal activity on the local level is not sufficient to impose a duty to intervene on the International Union." *Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am.*, 927 F.2d 1283, 1289 (3d. Cir. 1991). Instead, a DFR claim against an international union must allege facts indicating that the international union contractually assumed or functionally usurped the role of the local union as exclusive bargaining representative. *See, e.g., Tomlison v. Kroger Co.*, C2-03-706, 2006 WL 2850523 at *4 (S.D. Ohio Sept. 29, 2006) (denying summary judgment when evidence was presented that international union contractually undertook the grievance-prosecution duties of the local union).

Report and Recommendation of United States Magistrate Judge, ECF No. 35 at 7, *adopted by* Order of District Judge Orlando L. Garcia, August 29, 2018, ECF No. 47. Serna's Second Amended Complaint alleges APWU National ratified Local 0195's conduct in the handling of Serna's grievances when APWU National reviewed and denied Serna's internal grievance appeal. ECF No. 72 at 13-15. Serna's allegation that denial of his grievance appeal ratified Local 0195's alleged conduct fails to sufficiently allege ratification for two reasons. First, Serna's Second Amended Complaint merely realleges the same facts that the Court already held were insufficient to demonstrate ratification. *See* Court Orders, ECF Nos. 35 at 6-8; 47 at 6-7, 9. *See also* Plaintiff's Pleadings, ECF Nos. 50 at 7 ("dismissal of Plaintiff's appeal is by omission ratification"); 72 at 14 ("dismissal of Plaintiff's appeal is by default a ratification").

Second, the duty of fair representation arises only when the union acts as the collective bargaining representative with respect to employment. *See Vaca v. Sipes*, 386 U.S. 171, 177 (1967) (holding that when selected as the exclusive representative of the employees in a bargaining unit, a union has a duty to represent all members fairly). Where decisions are

confined to internal union matters, and do not substantially impact "matters affecting employment," DFR does not attach. *Kirk v. Transp. Workers Union*, 934 F. Supp. 775, 791 (S.D. Tex. 1995) (quoting *Local 222, United Food and Commercial Workers Int'l Union*, 1979 WL 10034, at *7 (N.L.R.B. Sept. 28, 1979), citing *N.L.R.B. v. Miranda Fuel Co., Inc.*, 140 N.L.R.B. 181, 185 (1962). As the Fifth Circuit explained:

> The existence of the DFR, however, does not permit federal court scrutiny of all of a union's internal affairs. Because the DFR is imposed on the union as a result of its position as exclusive bargaining representative, it applies only to union conduct arising from the union's position as representative. Thus, in *Smith v. Local No. 25, Sheet Metal Workers*, 500 F.2d 741, 746 (5th Cir. 1974), we stated that the union owes "the duty to represent fairly the interest of each employee in the unit in dealings with the employer." Therefore, union conduct that affects only an individual's relationship within the union structure is not circumscribed by the constraints of the DFR. Subject to the provisions of its constitution and bylaws and the constraints imposed by statute, the union is necessarily invested with broad discretion to make internal union decisions in a manner the leadership considers beneficial both to the union membership at-large and to any individuals involved.

*Bass v. Int'l Bhd. of Boilermakers*, 630 F.2d 1058, 1062-63 (5th Cir. 1980). Here, Serna has not alleged that the outcome of his internal appeal would have a substantial impact on Serna's relationship with USPS. *See Kirk*, 934 F. Supp. at 791 (S.D. Tex. 1995) (quoting *Kolinske v. Lubbers*, 712 F.2d 471, 481 (D.C. Cir. 1983) ("the NLRB and courts have usually excluded internal union affairs from being within 'a matter affecting employment,' unless the internal union matter has some 'substantial impact' on an employee's relationship with his employer"). Consequently, Serna cannot allege APWU National ratified Local 0195's conduct with respect to the alleged failure to process Serna's grievances, because APWU National owed no DFR to Serna in the context of Serna's internal grievance appeal.

## III. Conclusion

For the foregoing reasons, the Court GRANTS Defendant American Postal Workers Union, AFL-CIO's Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 73).

The Court DENIES Defendant American Postal Workers Union San Antonio Alamo Area Local 0195's Partial Motion to Dismiss (ECF No. 76) as MOOT.

Defendant American Postal Workers Union, AFL-CIO is DISMISSED from the action.

It is so ORDERED.

SIGNED this 28th day of October 2019.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE