UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**RICHARD SERNA,**

    **Plaintiff,**

v.                                       No.  SA-17-CV-01231-JKP

**AMERICAN POSTAL WORKERS UNION SAN ANTONIO ALAMO AREA LOCAL 0195, et al.**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant American Postal Worker's Union-San Antonio Alamo Area Local 0195's ("Local 0195") Motion for Summary Judgment. *ECF Nos. 94, 95*. Upon consideration of the motion and responses and replies thereto, *(ECF Nos. 107, 109, 110, 111)*, the Court concludes the Motion for Summary Judgment shall be GRANTED. This ruling disposes of all causes of action against the only remaining defendant. Accordingly, the case is DISMISSED with prejudice, and the case is closed.

### Factual and Procedural Background

The parties do not dispute the following underlying facts that form the basis of this action. Serna was employed by the United States Postal Service (USPS) from 1994 to February 2017. Serna suffered an on the job injury in February 2011 which resulted in him being assigned to limited duty through March 21, 2014, when Serna was removed from his work post. After Serna was assigned another limited-duty assignment, he presented new, more restrictive medical restrictions that did not permit him to perform essential elements of the new job. Based upon its

conclusion that no work was available consistent with the new medical restrictions, the USPS removed Serna from work on June 9, 2014, and he has not worked at the USPS since then. The USPS terminated Serna on February 7, 2017. Serna commenced this litigation on December 4, 2017.

Serna's Original Complaint specifically alleged several causes of action against numerous defendants for violations of the National Labor Relations Act ("NLRA") and for breach of duty to fairly represent Serna pursuant to a Collective Bargaining Agreement and the American Postal Worker's Union's (APWU) "National Constitution". *ECF No. 3; see also ECF No. 47*. Serna also appeared to assert several allegations of discrimination based on a disability and various allegations of breach of the APWU National's Constitution. *Id*.

On August 29, 2018, the Court dismissed Serna's claims against APWU National's Officers and Local 0195's Executive Board Members, all causes of action asserted under the NLRA and Serna's claims alleging breach of the APWU National's Constitution. *ECF No. 47*. The Court's Order also noted Serna's withdrawal of any discrimination claim under the Americans with Disabilities Act. *Id*. The Court afforded Serna an opportunity to amend his complaint to clarify any potentially viable claims of breach of duty of fair representation against the only remaining defendants, Local 0195 and APWU National. *Id*.

Serna filed his Second Amended Complaint on March 1, 2019. *ECF No. 72*. On October 28, 2019, this Court granted APWU National's Motion to Dismiss Serna's claims asserted against it and denied as moot Local 0195's Partial Motion to Dismiss. *ECF Nos. 73, 76, 84, 87, 105*. Following this ruling, the only defendant remaining in this action is Local 0195, and the only remaining cause of action against Local 0195 is breach of its duty to fairly represent Serna pursuant to a collective bargaining agreement. *See ECF No. 105*.

Local 0195 now files a Motion for Summary Judgment asserting it is entitled to judgment as a matter of law on Serna's cause of action for breach of duty of fair representation because all allegations are barred by the statute of limitations. Alternatively, Local 0195 contends allegations lack substantive merit as a matter of law.

## Legal Standard

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[1] "[T]he substantive law will identify which facts are material," and a fact is "material" only if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" where there is sufficient evidence such that a reasonable jury could return a verdict for the nonmoving party. *Id*. Because there must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* at 247-48. There is no genuine dispute for trial when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). While all evidence and reasonable inferences are viewed in the light most favorable to the nonmovant, and all disputed facts are resolved in favor of the nonmovant, the judge's function "is not 'to weigh the evidence and determine the truth of the matter

---

[1] Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

but to determine whether there is a genuine issue for trial.'" *Tolan v. Cotton*, 572 U.S. 650, 656 (2014) (quoting *Anderson*, 477 U.S. at 249); *see also Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 234 (5th Cir. 2016).

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp.*, 477 U.S. at 323. To meet its initial burden, the moving party must either: (1) present evidence that negates the existence of some material element of the nonmoving party's claim; or (2) point out the nonmoving party lacks sufficient evidence to prove an essential element of its claim. *Id.*; *McKee v. CBF Corp.*, 299 F. App'x 426, 428 (5th Cir. 2008). To do so, the moving party must identify the portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits that demonstrate the absence of a triable dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117, 121 (5th Cir. 1982).

When a party moves for summary judgment on claims on which the opposing parties will bear the burden of proof at trial, the moving party can meet its summary judgment obligation by pointing the court to the absence of admissible evidence to support the nonmovants' claims." *Armas v. St. Augustine Old Roman Catholic Church*, No. 3:17-CV-2383-D, 2019 WL 2929616, at *2 (N.D. Tex. July 8, 2019); *see also Austin v. Kroger Texas, L.P.*, 864 F. 3d 326, 335 (5th Cir. 2017). When a party seeks summary judgment on an affirmative defense, such as statute of limitations, the movant must establish all the elements of the defense as a matter of law to satisfy its summary-judgment burden. *Citigroup, Inc. v. Fed. Ins. Co.*, 649 F.3d 367, 371 (5th Cir. 2011). With regard to the statute of limitations defense, the summary judgment movant must establish when the cause of action accrued. *See id.* at 373-374.

If the movant carries that initial burden, the burden shifts to the nonmovant to identify specific facts or present competent summary judgment evidence showing the existence of a genuine fact dispute. *Matsushita Elec. Indus. Co.*, 475 U.S. at 586-87; *see also* Fed.R.Civ.P. 56(c). Upon the shifting burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586. In other words, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Heinsohn*, 832 F.3d at 234. The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue [dispute] of *material* fact." *Anderson*, 477 U.S. at 247-48 (emphasis in original). Furthermore, the courts have "no duty to search the record for material fact issues." *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010); *see also Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012).

## Allegations of Breach of Duty of Fair Representation

Construing the Second Amended Complaint liberally, Serna alleges several instances or time periods, of alleged breach of duty of fair representation: (1) Local 0195 did not process grievances against the USPS he requested to be filed in March 2014 pertaining to his removal from work. Tied to this assertion, Serna alleges Local 0195 failed to provide information and documentation related to this grievance; (2) Local 0195 did not process five grievances against USPS he requested to be filed between December 2011 through October 2013; (3) Local 0195 did not process grievances filed in January 2015, February 6, 2016, February 26, 2016 and February 27, 2016; and (4) until June 2016, Local 0195 withheld requested information about the terms of the operative collective bargaining agreement requiring Serna to exhaust internal-remedy and arbitration

process prior to filing suit for disability discrimination. *See ECF No. 74, pars. 10,12,32,33,40,45,49,53,77*.

To the extent Serna alleges in his Second Amended Complaint and Response to the Motion for Summary Judgment that Local 0195 breached its duty of fair representation under the "National Constitution", this Court already addressed this cause of action and dismissed it for lack of jurisdiction. *See ECF Nos. 47, 105*. Therefore, based upon the procedural posture of this case and the Court's previous decisions, the only remaining cause of action is breach of duty of fair representation in accordance with a Collective Bargaining Agreement. This Court also previously ruled, and Local 0195 previously admitted, this Court holds jurisdiction to adjudicate this cause of action.

Accordingly, this Court will consider only the arguments in Local 0195's Motion for Summary Judgment and Serna's responses that pertain to expiration of the applicable statute of limitations of this cause of action and, alternatively, those arguments pertaining to the viability of the substantive merits of this cause of action.

## Parties' Summary Judgment Arguments

Local 0195 argues the six-month statute of limitations bars Serna's cause of action because Serna was fully aware of the actions upon which he complains when, on January 31, 2017, the National Labor Relations Board dismissed the internal-remedy appeal of his charge that Local 0195 failed to process grievances on his behalf. *ECF No. 94, pp. 7-11, 15-18*. Accordingly, Serna's cause of action accrued more than six months before he filed suit. *Id*.

Serna responds the six-month statute of limitations was tolled during the period he pursued internal remedy process regarding Local 0195's failure to process the requested grievances. *ECF No. 107*. Because this internal remedy process was not complete until July 7, 2017, Serna contends the six-month statute of limitations began to run on that date. *Id*.

## Analysis

**(1) Failure to process grievance Serna requested to be filed in March 2014, and Failure to provide information and documentation related to this grievance (allegation number (1))**

Assuming without deciding Serna's cause of action based upon these allegations is not time-barred by the statute of limitations, this Court will review the summary-judgment record to review the substantive merits of the breach of duty of fair representation cause of action pertaining to this specific factual allegation.

As stated, Serna's claims arise from the USPS's initial decisions to remove him from work beginning in March 2014 due to his medical restrictions. In the Second Amended Complaint, Serna alleges Local 0195 breached its duty of fair representation by failing to pursue his meritorious grievance he requested to be filed in March 2014 in connection with his removal from work. Specifically, Serna alleges Local 0195 "knowingly and intentionally did not process union grievances which had merit thereby denying [Serna] with fair and adequate representation[,]" and Local 0195 "knowingly and intentionally did not file/process a union grievance on [Serna's] dismissal by USPS on March 21, 2014." *See ECF No. 74, pars.* 49, 53.

Under the doctrine of fair representation, a union's "statutory authority to represent all members of a designated unit includes a statutory obligation to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." *Vaca v. Sipes*, 386 U.S. 171, 177; *Marquez v. Screen Actors Guild, Inc.,* 525 U.S. 33, 44 (1998). Thus, a breach of the statutory duty of fair representation occurs only when a union's conduct is arbitrary, discriminatory or in bad faith. *Vaca*, 386. U.S. at 190; *Landry,* 880 F.2d at 852. A union's actions are arbitrary "only if, in light of the factual and legal landscape, it can be fairly characterized as so far outside of a 'wide range of

7

reasonableness' ... that it is wholly 'irrational' or 'arbitrary' " *Ford Motor Co. v. Huffman,* 345 U.S. 330, 338, (1953).

A union may not arbitrarily ignore a meritorious grievance or process it in a perfunctory fashion and must conduct some minimal investigation of grievances brought to its attention; however, it is accorded considerable discretion in processing grievances. *Vaca*, 386 U.S. at 191; *Turner v. Air Transp. Dispatchers Assoc.,* 468 F.2d 297, 299-300 (5th Cir.1972)). When a union exercises its discretion in good faith and with honesty of purpose, a wide range of reasonableness must be allowed. *Hines v. Anchor Motor Freight,* 424 U.S. at 563–64; *NLRB v. American Postal Workers Union,* 618 F.2d 1249, 1255 (8th Cir. 1980). Accordingly, a union is protected from liability even if it acts on a mistaken belief that a grievance lacks sufficient merit to justify further appeal or arbitration, so long as it acts in good faith. *Vaca,* 386 U.S. at 190.

As such, an "employee has no absolute right to have his grievance taken to arbitration ... or to any other level of the grievance process." *Landry,* 880 F.2d at 852 (internal citations omitted). Additionally, "a breach of the duty of fair representation is not established merely by proof that the underlying grievance was meritorious, . . ." *Vaca*, 386 U.S. at 195. A showing of mere negligence, mistaken conduct or a lack of enthusiasm or perfection by the union is insufficient to support a claim of breach of the duty of fair representation. *Id.*

Thus, the essential inquiry in such cases becomes "whether a union's conduct was arbitrary, discriminatory, or in bad faith, so that it undermined the fairness or integrity of the grievance process." *Landry,* 880 F.2d at 851 (citing *Hines,* 424 U.S. at 567–69). The Court's substantive examination of the union's performance must be highly deferential, analogous to judicial review of legislative decisions. *Air Line Pilots Ass'n v. O'Neill,* 499 U.S. 65, 78 (1991); *see also Ross v. Runyon*, 156 F.R.D. 150, 154–55 (S.D. Tex. 1994).

To begin, Serna asserts conclusory allegations that do not give rise to a valid claim for breach of duty of fair representation. Serna does not assert Local 0195 is guilty of any failure to process his requested grievances in an arbitrary, discriminatory or capricious manner. Serna does not allege Local 0195 acted in bad faith in its failure or refusal to process the requested grievances. Serna simply alleges Local 0195 acted "knowingly and intentionally" in failing to do so. *See ECF No. 72, pars. 40, 49, 53*. Consequently, Serna's claim must fail. Because the Court recognizes amendment of the complaint could cure this defect, it will review the summary judgment record and undisputed facts to determine whether Serna's breach-of-duty-of-fair-representation claim fails as a matter of law, as Local 0195 asserts.

Local 0195 produces evidence showing that on June 11, 2014, it filed a grievance pertaining to Serna's removal from work in March 2014. *ECF No. 94, Exhibit A, exh. 4*. A meeting on the grievance was denied, and the union steward filed a "Step 2 Grievance Appeal Form" on June 20, 2014. *Id. at p. 6*. This appeal was denied on August 7, 2014, so the union steward filed a "Step 3 Grievance Appeal Form." *Id. at pp. 2-5*. This appeal was denied on August 13, 2014. *Id. at p. 1*. This grievance progressed to arbitration, which was held on October 10, 2019. The arbitration decision denying the grievance was issued December 12, 2019. *ECF No. 111*. Evidence consisting of a Declaration of Chris Rincon, President of Local 0195, also reveals the union waited to file the grievance on behalf of Serna, as was customary, to discover the outcome of the District Reasonable Accommodations Committee (DRAC) process. *ECF No. 54, Exhibit 2, pp. 3-4*. Rincon asserts that in the DRAC process, the USPS determines whether there were other jobs Serna could perform, and Mr. Rincon declares this process "can remedy issues related to bargaining unit employees being unable to work due to injuries or other health conditions." *Id*. at p. 4.

Thus, the evidence shows Local 0195 did file a grievance pertaining to Serna's removal from work in March 2014, contrary to his allegation, and processed this grievance through the contractual process and through arbitration. *ECF No. 94, Exhibit A, exh. 4*. The evidence reveals Local 0195 did not file the grievance until June 2014 because it followed normal procedure to wait until all DRAC proceedings were completed.

Further, the summary judgment evidence reveals Local 0195 took steps to find Serna work by requesting job searches from the USPS in February 2015 and June 2015. *ECF No. 95, Exhibit B, exh. 4, pp. 2-11*. However, through both requests, the USPS informed Local 0195 that Serna failed to provide requested updated medical restrictions, so no action could be taken. *Id*. Local 0195 informed Serna of this deficiency and of his obligation to provide current medical restrictions. *Id*.

The facts as presented indicate there is no credibility determination here, as, on its face, the evidence establishes Local 0195 handled Serna's requested grievance in a reasonable, rational and non-arbitrary manner. *See Lee*, 460 F.3d at 678. Local 0195 holds broad discretion to determine when or if a grievance shall be filed, and the timeline presented reveals justifiable delay in filing the grievance until June 2014. Local 0195 did, in fact, pursue Serna's grievances through arbitration. Because the evidence reveals Local 0195 represented Serna through arbitration and in a justifiable manner, Local 0195 satisfied its summary-judgment burden. *See O'Neill*, 499 U.S. at 67; *Lee*, 460 F.3d at 678; *Ware*, 2015 WL 520876, at *4–7.

The burden then shifts to Serna to raise a genuine dispute of material fact whether Local 0195's actions, or disregard, were outside a wide-range of reasonableness so as to be irrational, arbitrary or lack good faith. *See O'Neill*, 499 U.S. at 67; *Lee*, 460 F.3d at 678; *Ware*, 2015 WL 520876, at *4–7. At this stage, Serna presents no evidence to raise a genuine dispute of material

fact whether Local 0195 acted arbitrarily, with discrimination or in bad faith in processing his requested grievances. Serna presents excerpts of his own deposition testimony in which he discusses his dissatisfaction with Local 0195's inattention and delay in filing his grievance and its failure to provide him requested information and documentation regarding his grievance; however, this testimony does not serve to raise a genuine dispute of material fact whether Local 0195 acted in bad faith or arbitrarily. *See ECF No. 107, Exhibit 3, exhibit J*. While the processing may not have been as timely or efficient as Serna desired, and Serna disagreed with the result of this process, these dissatisfactions do not give rise to a cause of action for breach of duty of fair representation. *See Vaca*, 386 U.S. at 195; *Lee,* 460 F.3d at 679. The fact that Serna, now in hindsight, disagrees with how Local 0195 handled his case is insufficient to raise a fact issue on his breach of duty of fair representation claim against them. *See Landry,* 880 F.2d at 852; *Ware*, 2015 WL 520876, at *4–7.

For these reasons, Serna failed to sufficiently plead or present supporting evidence suggesting Local 0195's conduct in handling his grievance was so far outside a "wide range of reasonableness" that its performance could be perceived as irrational and/or arbitrary. *See O'Neill,* 499 U.S. at 66; *Ware,* 2015 WL 520876 at *4-7. This Court has drawn all reasonable inferences in favor of Serna and concludes he cannot establish a genuine dispute of material fact merely by resting on the allegations in his complaint and presents no specific facts showing the existence of a genuine dispute concerning whether Local 0195 acted arbitrarily, in bad faith or with discrimination in failing to process the requested grievances against the USPS.

Thus, Local 0195 presented evidence it did, in fact, file and process a grievance against the USPS with regard to Serna's removal in March 2014, produced evidence it acted reasonably and in good faith in processing this grievance through to final arbitration. Serna failed to raise a genuine

dispute of material fact. Therefore, Local 0195's Motion for Summary Judgment is granted with regard to this allegation (allegation number (1)).

### (2) Applicable statute of limitations for remaining allegations

A cause of action asserting breach of a duty of fair representation is governed by a six-month limitations period. *DelCostello v. Teamsters,* 462 U.S. 151, 169 (1983); *Barrett v. Ebasco Constructors, Inc.*, 868 F.2d 170, 171 (5th Cir. 1989). The limitations period begins to run when a plaintiff knew or should have known of the specific conduct giving rise to this cause of action, itself, rather than its manifestations. *Barrett*, 868 F2d at 171. A plaintiff asserting this cause of action holds an affirmative duty to exercise due diligence in discovering such a breach. *See id.*; *Landry*, 901 F.2d 404, 413. Accordingly, a plaintiff who learns facts which would cause a reasonable person to inquire further must proceed with a reasonable and diligent investigation and is charged with knowledge of all facts such an investigation would have disclosed. *See Landry*, 901 F.2d 404, 412-413, & n.16.

Equitable tolling is a defense to the general rule that an employee has six months to sue from the discovery of the breach of the duty of fair representation. *Lee v. Cytec Indus., Inc.*, 460 F.3d 673, 676 (5th Cir. 2006). Equitable tolling applies in a situation in which an employee must exhaust internal contractual remedies, such as a grievance process, before filing suit. In this situation, it would be unjust to bar any such claim by limitations if, while the internal grievance is pending, the six-month statute of limitations expires. *Id.* Consequently, the limitations period is tolled during the time an employee proceeds through any internal grievance process, and the employee must sue within six months of the time it became obvious the internal process concluded. *Id.* at 677; *see also Linzay v. Nat'l Postal Mail Handlers Union Local 312,* No. 06-0061-A, 2007 WL 4321930, at *2 (W.D. La. Dec.5, 2007).

Serna initiated this action on December 4, 2017. *See ECF No. 3*. Thus, to satisfy the applicable statute of limitations, the summary judgment evidence must show all conduct Serna alleges breached Local 0195's duty of fair representation must have occurred on or after June 4, 2017. If Local 0195 satisfies this burden, Serna must present evidence to raise a genuine dispute of material fact whether equitable tolling applies. *See Lee*, 460 F.3d at 676; *Linzay,* 2007 WL 4321930, at *2.

**(3) Local 0195's summary judgment burden:**

As stated, the Second Amended Complaint indicates Serna alleges several instances or time periods of alleged breach of duty of fair representation: (1) Local 0195 did not process grievances against the USPS he requested to be filed in March 2014 pertaining to his removal from work. Tied to this assertion, Serna alleges Local 0195 failed to provide information and documentation related to this grievance; (2) Local 0195 did not process five grievances against USPS he requested to be filed between December 2011 through October 2013; (3) Local 0195 did not process grievances filed in January 2015, February 6, 2016, February 26, 2016 and February 27, 2016; and (4) until June 2016, Local 0195 withheld requested information about the terms of the operative collective bargaining agreement requiring Serna to exhaust internal-remedy and arbitration process prior to filing suit for disability discrimination. This Court already addressed allegation number (1).

With regard to the remaining allegations, on its face, the Second Amended Complaint shows these factual allegations and instances supporting the asserted cause of action for breach of duty of fair representation occurred outside the six-month statute of limitations, or prior to June 4, 2017. *See ECF No. 72*. Consequently, Local 0195 satisfied its summary judgment burden of proof to show these claims supporting the cause of action of breach of duty of fair representation are all time barred.

With this, the burden shifts to Serna to raise a fact issue regarding whether the statute of limitations was tolled, that is, when he knew or should have known any internal remedy procedures regarding these matters were complete. *See Lee*, 460 F.3d at 676-677. To do so, Serna must show the internal remedy procedures pertaining to these alleged instances of failure to file grievances and failure to provide information were not resolved until after June 4, 2017.

**(4) Serna's summary judgment burden:**

**a. Failure to process grievances against the USPS Serna requested to be filed between December 2011 through October 2013 (allegation number (2)), and**

**Failure to process grievances against the USPS Serna requested to be filed in January 2015, February 6, 2016, February 26, 2016 and February 27, 2016 (allegation number (3))**

Serna submits no summary judgment evidence to support his contention the statute of limitations was tolled for the alleged grievances against the USPS he requested Local 0195 file between December 2011 through October 2013 or those dated between January 2015 and February 2016. No summary judgment evidence shows Serna submitted any request to Local 0195 to file any of these grievances against the USPS during the listed period (allegation no. (2)) or specified dates (allegation no. (3)). Most importantly, no summary judgment evidence shows Serna pursued any internal remedy procedure pertaining to Local 0195's failure to process any of the alleged requested grievances against the USPS, which would have tolled the statute of limitations.

Accordingly, the Second Amended Complaint, on its face, shows the six-month limitations period bars any cause of action for breach of duty of fair representation based upon allegations that Local 0195 failed to submit requested grievances against the USPS between December 2011 through October 2013 and on the specified requests of January 2015, February 6, 2016, February 26, 2016 and February 27, 2016. Because no summary judgment evidence shows the statute of

limitations was tolled for this cause of action, Local 0195's Motion for Summary Judgment is granted with regard to these allegations.

### b. Withholding of information regarding the terms or existence of the Collective Bargaining Agreement (allegation number (4))

Serna alleges in the Second Amended Complaint that Local 0195 breached its duty of fair representation by withholding requested information regarding the terms of the Collective Bargaining Agreement that required him to exhaust internal remedy procedures prior to filing any claim of disability discrimination. Serna asserts Local 0195 provided this information in June 2016. Therefore, on its face, the Second Amended Complaint reflects the statute of limitations bars this cause of action based upon this allegation.

To support his assertion that the statute of limitations was tolled, Serna submits evidence consisting of his deposition, in which he attests he requested this information regarding the Collective Bargaining Agreement in 2015 and made written requests through emails; however, "nobody responded." *ECF No. 94, Exh. A, p. 27, Lines 16-25; p. 28, Lines 1-22*.

Serna filed suit in this Court asserting a cause of action for discrimination based upon a disability on March 17, 2015. *See Serna v. Brennan*, SA: 15-CV-198-XR, docket no. 1. On January 21, 2016, Judge Xavier Rodriguez dismissed Serna's lawsuit for lack of subject matter jurisdiction. *Serna v. Brennan*, SA: 15-CV-198-XR, 2016 WL 9777114, at *1 (W.D.Tx. January 21, 2016). Judge Rodriguez concluded Serna was bound by the Collective Bargaining Agreement to arbitrate all disability claims prior to filing suit, and Serna failed to satisfy this requirement. *Id*.

Therefore, Serna knew or should have known of the existence of this alleged breach of duty of fair representation based upon failure to provide information, at the very latest, on the date this opinion was issued, or January 21, 2016. Although the opinion was appealed and finally affirmed on June 6, 2018, this appeal concerned the viability of the basis for dismissal of the lawsuit

against his employer, itself. *See Serna v. Brennan*, 726 Fed. Appx. 230 (5th Cir. 2018). Serna is still charged with knowledge of the allegation supporting this present cause of action against Local 0195, that is, Local 0195 failed to provide him the requested requisite information pertaining to the Collective Bargaining Agreement.

The summary judgment evidence and case history reveal Serna knew or should have known of the basis of this cause of action, at the very latest, on January 21, 2016. Serna does not provide any evidence showing he pursued any internal remedies after January 21, 2016, regarding this allegation to, thereby, toll any statute of limitations. Consequently, no evidence supports Serna's contention that equitable tolling applies to his allegation against Local 0195 pertaining to any failure to provide information.

Accordingly, Local 0195's Motion for Summary Judgement is granted with regard to the allegations pertaining to any failure to provide information on the terms of the collective bargaining agreement.

## Conclusion

Local 0195's Motion for Summary Judgement is GRANTED. This cause is dismissed. The Clerk of Court is directed to close this case.


It is so ORDERED.
SIGNED this 30th day of June, 2020.


_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE