**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**RICHARD SERNA,**

      **Plaintiff,**

v.                                       **NO.  SA-17-CV-01231-JKP**

**AMERICAN POSTAL WORKERS**
**UNION SAN ANTONIO ALAMO**
**AREA LOCAL 0195, et al.**

      **Defendants.**

**MEMORANDUM AND ORDER**

In a Memorandum Opinion and Order entered June 30, 2020, the Court granted Defendants' Motion for Summary Judgement and dismissed Plaintiff Richard Serna's case. *ECF No. 113*. Now before the Court is Serna's Motion for New Trial, filed pursuant to Federal Rule of Civil Procedure 59(a)(2). *ECF No. 116*. This Court construes this motion as a Motion to Alter or Amend Judgment (Reconsideration) pursuant to Federal Rule of Civil Procedure 59(e). Based on review of the record and the application of governing legal authorities, the Court DENIES Serna's Motion for Reconsideration.

A motion for reconsideration "calls into question the correctness of a judgment." *Templet v. Hydro Chem, Inc.,* 367 F.3d 473, 478 (5th Cir. 2004) (citation omitted). A motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* Instead, it merely serves to allow "a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* A motion for reconsideration may also allow a party to bring an

intervening change in the controlling law to the Court's attention. *See Schiller v. Physicians Res. Group, Inc.,* 342 F.3d 563, 567-68 (5th Cir. 2003).

In his Motion for Reconsideration, Serna simply restates the arguments set forth in his response to Defendants' Motion for Summary Judgment. Accordingly, Serna's Motion for New Trial is DENIED.

It is so Ordered.
SIGNED this 28th day of July, 2020.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE